UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

    Plaintiff,

v.                                                                    Case No.  20-cv-12062

FEDERAL AVIATION ADMINISTRATION

    Defendant.
_____/

James J. Boutrous II (P53710)
Mark W. Steiner (P78817)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI  48304
(248) 220-1352
jboutrous@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com
*Attorneys for Plaintiff,*
*Lintech Global, Inc.*
_____/

## COMPLAINT

Plaintiff LinTech Global, Inc. ("LinTech"), by and through its counsel, McDonald Hopkins PLC, and for its Complaint against the Federal Aviation Administration ("FAA") alleges as follows:

### INTRODUCTION

1.    This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other relief.  Through

FOIA, LinTech has sought from the FAA that would provide essential information related to another lawsuit filed in this Court, *LinTech Global, Inc. v. CAN SoftTech, Inc.*, et. al, Case No. 2:19-cv-11600 (E.D. Mich.) (Hon. Linda V. Parker) (the "CAN Litigation").

2. LinTech originally submitted its request to the FAA for documents on February 27, 2020. LinTech provided every reasonable accommodation to the FAA, granting multiple extensions and providing modifications and clarifications to its requests.

3. To date, in violation of FOIA, despite multiple extensions, stall tactics, and representations it would produce documents, the FAA has constructively failed to make any meaningful productions, despite LinTech making its request nearly five months ago.

4. Further, the FAA has refused to produce any witness for deposition until it completes its production, despite not providing any meaningful representation on when it planned to do so.

5. The FAA's wrongful actions have caused substantial delays in the CAN Litigation.

6. LinTech respectfully requests this Court enter an injunction directing the FAA to make all requested records available to LinTech, setting a deadline for

compliance and requiring the FAA to provide deposition dates for the identified key witnesses.

## PARTIES

7. LinTech is a Michigan corporation with its principal place of business located in Oakland County, Michigan.

8. The FAA is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FAA has possession and control of the records requested by LinTech.

9. This action arises under FOIA. This Court has subject matter jurisdiction of this action and personal jurisdiction over the FAA pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### A. LinTech's Document Requests

11. On May 24, 2019, LinTech filed the CAN Litigation against CAN SoftTech, Inc. and Swapna Reddygari (collectively the "CAN Defendants"), seeking damages related to the CAN Defendants' conduct in allegedly usurping a FAA ("FAA") Designee Management System contract (the "FAA Project") for the CAN Defendants' own benefit.

12. On February 27, 2020, in order to investigate its claims in the CAN Litigation, LinTech sent the FAA a subpoena which contained 25 separate requests for documents. **Exhibit 1**.

13. On February 28, 2020, the FAA responded, citing Department of Transportation ("DOT") regulations, stating it would treat LinTech's subpoena as a FOIA Request. **Exhibit 2**.

14. LinTech did not explicitly consent to its subpoena being converted to a FOIA and did not waive its right to treat its request as a subpoena; however, after multiple exchanges, LinTech was put in touch with the FAA National FOIA Office (the "FAA FOIA Office").

15. On March 19, 2020, the FAA FOIA Office sent a letter, through its Contracting Officer, to LinTech representing that it could "perform a reasonable search" for some of the information; however, requested additional clarifications and/or modifications with respect to other requests. **Exhibit 3**. The FAA explicitly stated it was "not a denial of your 'request' but is an attempt by the agency to assist you in submitting a properly formulated request . . . ." **Exhibit 3**.

16. On April 7, 2020, LinTech responded to the FAA's March 19, 2020 letter, explaining, clarifying, and reasonably modifying its requests. **Exhibit 4**.

17. On April 24, 2020, the FAA FOIA Office responded with another letter, this time estimating that it would cost the exorbitant fee of $8,330 to comply

with the request (with associated review and copying costs). **Exhibit 5**. The letter threatened that failure of LinTech to confirm in writing that it would pay the fees within ten business days would result in a withdrawal of the request. **Exhibit 5**.

18. On May 1, 2020, the FAA FOIA Office and counsel for LinTech attended a teleconference, where LinTech further clarified the documents and the FAA described the process for obtaining the documents.

19. On May 4, 2020 LinTech responded to the FAA FOIA Office and indicated that "[w]e would like to proceed with the search production of documents . . . and do accept the fee estimate provided on April 24th." **Exhibit 6**.

20. On May 6, 2020, the FAA FOIA Office confirmed receipt and promised a status update by May 13, 2020. **Exhibit 6**.

21. On May 13, 2020, the FAA forwarded a letter to LinTech, stating that "we are taking a 10-workday extension under 49 CFR 7.34. We are continuing to search for and collect responsive records, and anticipate providing an interim response by 5/27/20." **Exhibit 7**. The FAA invoked the 10-day workday extension, despite actually receiving the request months earlier.

22. On May 28, 2020, the FAA sent an email, stating that it again anticipated an interim response by June 5, 2020. **Exhibit 6**. The email at that time requested confirmation whether LinTech requested the documents electronically or by paper form. **Exhibit 6.**

23. June 5, 2020 came and went. On June 8, 2020, LinTech requested a status on the documents promised for June 5, 2020. **Exhibit 6**. On June 10, 2020, the FAA simply responded that the production was "still in review at this time." **Exhibit 6**.

24. Upon LinTech requesting when a response would be forthcoming, the FAA simply responded that "a response date is not available at this time while in review." **Exhibit 6.**

25. On June 23, 2020, LinTech requested a status of the FAA FOIA response. **Exhibit 6.**

26. After receiving no response, on June 29, 2020, LinTech requested another update. **Exhibit 6**.

27. Again, after receiving no response, on July 1, 2020, LinTech again requested another update, this time threatening a legal action to compel compliance. **Exhibit 6**.

28. On July 2, 2020, the FAA responded, simply stating that the FAA expected an interim response by Monday, July 6, 2020; however, would provide an update if there was any delay. **Exhibit 6**.

29. After the FAA's July 6, 2020 deadline passed, LinTech again requested an update. **Exhibit 6**. While the FAA apologized for the delay, the

FAA stated it was with "our executive for review" and that it would "expedite" the request and expected "release as soon as possible." **Exhibit 6**.

30. On July 20, 2020, the FAA purported to make its initial production to LinTech. The total document production was 3 pages, which was a contract award notification and email correspondence regarding the contract award notification. The FAA also submitted a "Decision Letter," which stated it was only an interim response and additional documents may be forthcoming. **Exhibit 8**.

31. The letter further described that its 3 page production constituted a "complete' response to items 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, and 25, and a partial response to items 1, 2, 3, 5, 7, 22, 23, and 24 (presumably, the FAA is aware of and plans to make an additional production at a later date regarding these documents). The FAA did not provide any applicable exemptions as to these requested documents.

32. Despite the FAA threatening approximately $8,330 in fees due to the number of documents it purportedly had to review, the FAA also represented that requests 1, 2, 3, 5, 7, 10, 22, 23, 24, and 25 returned 0 search results. **Exhibit 8**. LinTech, however, is aware of documents that would be responsive to requests 1, 2, 3, 5, 7, 10, 22, 23, 24, and 25, such that LinTech has reason to question the search terms used by the FAA.

33. The FAA's production of documents is incomplete after five months and the FAA has failed to comply with its duties under FOIA to timely provide LinTech the documents it promised.

34. Because the FAA has substantively failed to comply with its timing obligations under FOIA, LinTech has been forced to bring this complaint.

35. Under 5 U.S.C.A. § 552(6)(C)(i), where the government "fails to comply with the applicable time limit provisions of this paragraph," a person is deemed to "have exhausted his administrative remedies."

36. The FAA failed to comply with the applicable time limit provisions promulgated by 5 U.S.C.A. § 552 and its own regulations.

### B. LinTech's Requests for Depositions

37. Given the involvement of three individuals that work at the FAA in the CAN Litigation, on July 10, 2020, LinTech sent subpoenas to the FAA for the depositions of those employees. **Exhibit 9**.

38. LinTech received no response regarding those depositions until July 21, 2020, when the FAA represented that, until resolution of LinTech's FOIA request (which actually originated as a subpoena), it would refuse to produce any witnesses for deposition.

39. Accordingly, despite taking over 5 months and producing only 3 pages of inconsequential documents, the FAA is further stonewalling LinTech by refusing depositions of key witnesses.

### COUNT I – Declaratory and Injunctive Relief – Violation of FOIA, 5 U.S.C. § 552

40. LinTech realleges and incorporates by reference all paragraphs as if fully set forth herein.

41. FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

42. FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, inter alia, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. See 5 U.S.C. § 552(a)(6)(A)(i).

43. The records sought by all of the FOIA requests set forth in **Exhibit 1** are agency records within the FAA's control.

44. The FAA's July 20, 2020 letter is not adequate in determining what additional categories of documents will be produced in the future (despite having nearly 5 months to collect the documents) or provide any justification for the withholding of any document responsive to requests 1, 2, 3, 5, 7, 10, 22, 23, 24, and 25.

45. The FAA only provided a basis to withhold requests 10, 12, 18, 19, and 20.

46. The FAA has substantively failed to provide an exemption or basis to withhold any other document.

47. Accordingly, due to the FAA's wrongful withholding documents and failures to timely comply with LinTech's FOIA request, LinTech requests relief from this Court.

WHEREFORE, LinTech respectfully requests that this Honorable Court:

A. Declare unlawful the FAA's constructive denial of LinTech's requests;

B. Enter an injunction pursuant to 5 U.S.C. § 552(a)(4)(B), directing the FAA to make available all records sought by Plaintiff and setting a deadline for compliance;

C. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), directing the FAA to process Plaintiff's FOIA request as soon as practicable, and setting a deadline for compliance;

D. Enter an injunction compelling the depositions of the key FAA witnesses.

E. Provide for expeditious proceedings in this action;

F. Award LinTech its costs and reasonable attorneys' fee incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> MCDONALD HOPKINS PLC
>
> By:     /s/James J. Boutrous II
>      James J. Boutrous II (P53710)
>      Mark W. Steiner (P78817)
>      39533 Woodward Avenue, Suite 318
>      Bloomfield Hills, MI  48304
>      (248) 646-5070
>      jboutrous@mcdonaldhopkins.com
>      msteiner@mcdonaldhopkins.com
>      *Attorneys for Plaintiff*

Dated:  July 31, 2020