UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

        Plaintiff,

v.

                                    Case No. 20-cv-12062
                                    Honorable Linda V. Parker

FEDERAL AVIATION
ADMINISTRATION,

        Defendant.
_____/

# OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 27) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28)

This matter arises from the attempts by Plaintiff LinTech Global, Inc. ("LinTech") to obtain documents from Defendant Federal Aviation Administration ("FAA") for purposes of a separate action LinTech filed against CAN Softtech, Inc. and its owner, Swapna Reddygari, *LinTech Global, Inc. v. CAN Softtech, Inc.*, No. 19-cv-11600 (E.D. Mich. filed May 30, 2019) (the "*CAN* Action"). LinTech alleges the FAA's responses to its document requests were both deficient and in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In a First Amended Complaint filed November 12, 2020, LinTech asserts that the FAA violated FOIA by failing to produce documents responsive to its requests and that

the FAA should have produced witnesses for deposition in compliance with LinTech's deposition subpoenas. (*See* ECF No. 12.)

The matter is presently before the Court on the parties' cross-motions for summary judgment. (ECF Nos. 27-28.) The motions have been fully briefed. (ECF Nos. 29-32.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, the FAA's motion is granted and LinTech's motion is denied.

### I. Legal Standard

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, "[t]he party opposing the motion must show that 'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508,

514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248). The non-movant's evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *Fed. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 415 F.3d 487, 493 (6th Cir. 2005). "The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *Lee v. City of Columbus*, 636 F.3d 245, 249 (6th Cir. 2011). "[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate." *Spectrum Health Continuing Care Grp. v. Anna Marie Bowling Irrevocable Tr.*, 410 F.3d 304, 309 (6th Cir. 2005).

## II. Factual and Procedural Background

On May 24, 2019, Plaintiff initiated the *CAN* Action against CAN Softtech and Ms. Reddygari *See* Compl., *LinTech Global, Inc. v. CAN Softtech, Inc.*, No. 19-cv-11600 (E.D. Mich.), ECF No. 1. In the *CAN* Action, LinTech alleges that Ms. Reddygari was one of its employees and used her position to divert an FAA contract to CAN Softtech, Inc. *Id.* ¶¶ 25-27. LinTech further alleges that Ms. Reddygari's husband, Amar Chandagari, was CAN Softtech's president. (*Id.* ¶ 13.)

In the *CAN* Action, LinTech asserts five counts: (I) breach of contract against Ms. Reddygari; (II) breach of contract against CAN Softtech, Inc.; (III) trade secret misappropriation against both defendants; (IV) unjust enrichment against Ms. Reddygari; and (V) tortious interference with a business relationship or expectancy against both defendants. Am. Compl., *id.*, ECF No. 37.

On February 26, 2020, during discovery in the *CAN* Action, LinTech issued a subpoena to the FAA, which included twenty-five document requests. (ECF No. 12-2.)[1] In response, the FAA converted LinTech's subpoena to a FOIA request. (ECF No. 12-3.)

LinTech's document requests can be categorized as (1) requests for communications related to LinTech, the FAA, and CAN Softtech (Requests 1-5, 7, and 22-25) and (2) requests for contract-related records (Requests 6, 8-9, and 11-21). (*See* ECF No. 27-2 at PageID. 331.) Request 10 seeks records falling into both categories. (*Id.* at PageID. 332.)

In response to the document requests, LinTech and the FAA exchanged correspondence, in which the FAA sought clarification regarding LinTech's requests and advised LinTech of the costs associated with production. (*See* ECF No. 27-3.) LinTech is categorized as a "Commercial Requester" under FOIA's fee

---

[1] Hereafter, where any documents from the *CAN* Action are filed in the present matter, the Court cites to the docket here.

structure, as it sought records in pursuit of its commercial interests; and, therefore, it is responsible for the costs of production. (ECF No. 27-2 at PageID. 328, ¶ 18.) The FAA advised LinTech that there was an estimated cost of $8,330 to complete the request. (ECF No. 27-3 at PageID. 394.) The FAA also advised that the most likely custodians of the records sought were Christine Yezzo, Linda Navarro, and Mark Perraut. (*Id.* at PageID. 375.)

On May 1, 2020, the parties conferred to discuss ways to reduce the cost of the search. (ECF No. 27-2 ¶ 20.) On May 4, 2020, LinTech agreed to the estimated fee. (*Id.* ¶ 21.) On July 10, 2020, LinTech subpoenaed Ms. Yezzo, Ms. Navarro and Mr. Parautt for depositions in connection with the *CAN* Action. (ECF No. 12-11.)

On July 20, 2020, the FAA produced an interim response to LinTech's requests, providing complete responses to Requests 8-15, 17-21 and 25, and partial responses to Requests 1-3, 5, 7, and 22-24. (ECF No. 12-9 at PageID. 186.) The FAA stated it would provide responses to Request 6 and 16, as well as complete responses to requests for which only partial responses were given, at a later date. (*Id.*) As it pertains to the FAA's partial responses to Requests 1-3, 5, 7, and 22-24—which sought documents and correspondence—its search produced no email records responsive to the requests. (*Id.*)

The FAA also told LinTech that responses to Requests 10 and 18-20 are exempt from production pursuant to FOIA's Exemption 5, while Request 12 is exempt pursuant to Exemption 4. (*Id.* at PageID. 186-87.) The FAA further stated that it did not possess any documents responsive to Requests 8-9, 13-15, 17, and 21. (*Id.* at PageID. 186.) In total, LinTech claims the FAA produced three pages of documents in its July 20, 2020 interim response.

On July 31, 2020, LinTech filed this lawsuit. (ECF No. 1.) On August 25, 2020, the FAA supplemented its July 20, 2020 interim response, completing its review. (ECF No. 12-10.) The FAA provided the remainder of its responses to Requests 1-3, 5, 7, and 22-24 and complete responses to Requests 6 and 16. (*Id.* at PageID. 190.) The FAA's search produced no results for cell phone records or Skype messaging records responsive to Requests 1-3, 5, 7 and 22-24. (*Id.*) Further, the FAA indicated that a response to Request 16 was exempt pursuant to FOIA's Exemption 4. (*Id.* at PageID. 190-91.) In total, the FAA produced approximately 100 pages of documents responsive to LinTech's requests. (ECF No. 27 at PageID. 307.)

On January 25, 2021, LinTech submitted a second FOIA request. (ECF No. 19 at PageID. 245.) On February 16, 2021, the FAA informed LinTech that a response would cost approximately $80,000. (ECF No. 28-2 at PageID. 424.) Most of this cost was to cover the over 800 hours of review at an hourly rate of

$95, which the FAA estimated was needed to respond. (*Id.*) LinTech did not pay the estimated fee and, instead, sought court-ordered discovery, which the Court denied. (ECF No. 24.)

LinTech's deficiency claims are focused on the FAA's responses to five requests:

> **2.** All Documents and Correspondence between the FAA and Reddygari relating to or referring to the pursuit of and subsequent award of the FAA CAN Contract.
>
> **22.** All text, email, SMS and other communications between Swapna [Reddygari] and Yezzo, Christine (FAA) between January 2019 and July 2019 on both personal and business phones.
>
> **23.** All text, correspondence, SMS and other communications between Linda Nevarro and Reddygari between May 1, 2019 and May 14, 2019 regarding pricing and any other matters relating to the contemplated FAA CAN Contract generated from both personal and business phones.
>
> **24.** All text, correspondence, SMS and other communications between Mark Perraut and Reddygari between January 2019 and May 14, 2019 regarding pricing and any other matters relating to the contemplated FAA CAN Contract generated from both personal and business phones.
>
> **25.** All Documents reflecting records of meetings between Reddygari and any other employee of CAN and FAA personnel referring to or regarding the anticipated FAA CAN contract with FAA.

(ECF No. 12-2 at PageID. 140-41) (alternations added).

The FAA now moves for summary judgment, arguing that it performed a reasonable and more than thorough search in response to LinTech's FOIA

requests. The FAA further argues that FOIA does not grant federal courts with the authority to compel federal employees to give depositions in private civil suits. LinTech seeks summary judgment, arguing that the FAA conducted a bad faith search in response to its FOIA requests.

### III. FOIA Requests

#### A. Applicable Law

FOIA begins with the baseline rule that federal agencies must promptly respond to record requests containing a reasonable description of the records sought, made in accordance with published rules and procedures. *Rimmer v. Holder*, 700 F.3d 246, 255 (6th Cir. 2012) (citing 5 U.S.C. § 552(a)(3)). FOIA requires a responding agency to "make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 547 (6th Cir. 2001) (citing *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 27 (D.C. Cir. 1998)). "At all times the burden is on the agency to establish the adequacy of the search." *Id.* (citations omitted). "The factual question is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011) (quoting *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999)).

"To meet [its] burden, 'the agency may rely on affidavits or declarations providing reasonable detail of the scope of the search. In the absence of countervailing evidence or apparent inconstancy of proof, [such affidavits] will suffice to demonstrate compliance with the obligations imposed by [] [FOIA].'" *Id.* (quoting *Cuomo*, 166 F.3d at 489); *see also Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 371 (D.C. Cir. 1980) (agency affidavits that "do not denote which files were searched, or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the requester] to challenge the procedures utilized" are insufficient to support summary judgment). Importantly, "[t]his inquiry focuses not on whether additional documents exist that might satisfy the request, but on the reasonableness of the agency's search." *CareToLive*, 631 F.3d at 340 (citing *Weisberg*, 627 F.2d at 371).

To prevail on summary judgment, the agency must show that it made a "good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information" and that any withholding of materials was authorized within a statutory exemption. *Rimmer*, 700 F.3d at 255 (quoting *CareToLive*, 631 F.3d at 340). "If the agency satisfies its burden of establishing that it conducted a reasonable search, the requestor must make a 'showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' or provide some other evidence why summary

9

judgment is inappropriate." *CareToLive*, 631 F.3d at 345 (quoting *Carney v. U.S. Dep't of Just.*, 19 F.3d 806, 812 (2d Cir. 1994)).

## B. Analysis

The FAA provides an affidavit from one of its Contracting Officers, Wendy Bell, to describe the methods used to respond to LinTech's FOIA requests. (*See generally* ECF No. 27-2.) Ms. Bell provides that she searched for email communications, Skype chats, text messages, and other communications associated with the custodians LinTech agreed to or requested, for the date ranges identified in LinTech's requests. (*Id.* ¶¶ 49-50, 96, 104, 113.) Ms. Bell explains that the search terms chosen to search for the requested records tracked those LinTech used in its requests (*id.* ¶¶ 54, 89, 98, 106, 115), and the searches sought correspondence with CAN Softtech email addresses associated with the representatives from CAN Softtech identified by LinTech (*id.* ¶¶ 51, 88, 97, 114). According to Ms. Bell, the locations searched were the only locations within the FAA where she would expect to find records or communications responsive to LinTech's requests. (*Id.* ¶¶ 57, 92, 101,109.)

Ms. Bell's detailed affidavit establishes the adequacy of FAA's searches in response to LinTech's FOIA requests. The Sixth Circuit has found similar affidavits sufficient to establish that the agency satisfied FOIA's requirements to conduct a reasonable search for responsive documents. *CareToLive*, 631 F.3d at

341; *Rugiero*, 257 F.3d at 547. LinTech fails to present evidence to create a genuine issue of material fact as to whether the FAA's searches were reasonable or conducted in bad faith.

LinTech maintains that the search terms used by the FAA were too lengthy to return adequate results. (ECF No. 29 at PageID. 450.) However, mere speculation that different search terms would produce different results is insufficient to rebut the FAA's showing of reasonableness. *See CareToLive*, 631 F.3d at 341 (citing *Baker & Hostetler LLC v. U.S. Dep't of Com.*, 473 F.3d 312, 318 (D.C. Cir. 2006)) ("holding that requestor's assertion that an adequate search would have yielded more documents is mere speculation insufficient to rebut affidavits describing search process agency performed"). LinTech nevertheless points to documents it obtained independently of the FAA, which it claims the FAA would have discovered in its records had its search not been inadequate. But a court's "review focuses on the adequacy of the agency's search, and not on the chance that additional documents exist." *Id.*; *see also id.* (explaining that FOIA "does not require that agencies account for all of their documents, so long as they reasonably attempt to locate them"). Further, LinTech's cited evidence (*see* ECF No. 28-3)—six pages of instant messages between CAN Softtech and FAA

11

personnel—do not contain text similar to the text of LinTech's FOIA requests (*compare* ECF No. 27-3 at PageID. 381-86 *with* ECF No. 28-3).

LinTech claims the FAA acted in bad faith, pointing to an asserted six-month delay in the agency's completion of the search and the cost estimates for responding to LinTech's requests. Evidence of bad faith can be found "if the information contained in agency affidavits is contradicted by other evidence in the record." *Carter v. U.S. Dep't of Com.*, 830 F.2d 388, 393 (D.C. Cir. 1987). "There must be tangible evidence of bad faith; without it the court should not question the veracity of agency submissions." *Id*. (citing *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980)).

With respect to the fees requested by the FAA, the law requires commercial requesters to pay the costs of searching for and reviewing documents responsive to a FOIA request. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(I). Under FOIA, federal agencies are required to promulgate regulations specifying the schedule of fees to process requests. *Id*. LinTech fails to suggest, much less demonstrate, that the estimated fees here exceeded the FAA's schedule. Moreover, LinTech did not pay the second $80,000 estimate. A party that fails to pay the cost estimate fails to exhaust its administrative remedies, which is a precondition to filing a FOIA action. *See Olgesby v. U.S. Dep't of Army*, 920 F.2d 57, 61-62, 66 (D.C. Cir. 1990); *Aguirre v.*

*U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 726 (9th Cir. 2021) (citing *Oglesby*, 920 F.2d at 66).

The six-month delay in the FAA's production also fails to demonstrate that the FAA acted in bad faith. First, some of the delay was caused by the exchange of correspondence between LinTech and the FAA to clarify LinTech's requests. Second, delay was caused by discussions regarding the FAA's first fee estimate before LinTech agreed to pay it; and, the FAA was not obligated under FOIA to respond to the requests until the fee was paid or a fee waiver (if applicable) was obtained. *See Aguirre*, 11 F.4th at 726 (citing 5 U.S.C. § 552). Finally, courts have found no bad faith in cases involving much longer delays. *See, e.g., CareToLive*, 631 F.3d at 342 (finding a two-year delay in responding to FOIA requests to be reasonable); *Lovell v. Dep't of Just.*, 589 F. Supp. 150, 154 (D.C. 1984) (nearly three-year delay).

For these reasons, the Court finds no genuine issue of material fact with respect to whether the FAA made a good faith effort to respond to LinTech's FOIA requests using methods reasonably expected to produce the requested information.

The FAA demonstrates that it did, and LinTech fails to present evidence to rebut that showing.

## IV. Deposition Subpoenas

In its summary judgment motion, the FAA maintains that federal employees may not be deposed pursuant to FOIA. (ECF No. 27 at PageID. 318.) The FAA further argues that LinTech's request in this action for an order permitting the deposition of particular FAA employees is moot, as those individuals were deposed already during discovery in the *CAN* Action. (*Id.* at PageID. 319.) LinTech fails to respond to the FAA's arguments in its response brief and does not seek summary judgment with respect to the depositions in its own summary judgment motion. (*See* ECF Nos. 28, 29.) The Court, therefore, deems this "claim" abandoned. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("The Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.")

## V. Conclusion

For the reasons set forth above, the Court concludes that the FAA is entitled to summary judgment with respect to the claims in LinTech's First Amended Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff LinTech Global, Inc.'s motion for summary judgment (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Federal Aviation Administration's motion for summary judgment (ECF No. 27) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2024